28529. WALKER *v.* THE STATE.

DECIDED OCTOBER 2, 1940.

*Stonewall H. Dyer,* for plaintiff in error.
*L. L. Meadors,* solicitor, contra.

MACINTYRE, J. Jack Walker was charged with three offenses: unlawfully selling whisky on September 14, 1939; unlawfully possessing whisky on June 29, 1939; and unlawfully possessing whisky on November 4, 1939, contrary to the act known as the revenue-

tax act to legalize and control alcoholic beverages and liquors. (Ga. L. Ex. Sess. 1937-1938, p. 103). The three cases were tried at the same time and before the same jury, by agreement of counsel for the defendant and the State, and separate verdicts of guilty were rendered. The defendant excepted to the overruling of his motions for new trial.

It appears from the testimony of G. C. Cook, of the alcohol-control unit, that he went to the place of business operated by Jack Walker on September 14, 1939, to buy whisky. Jack Walker was there, and talked with the witness. Witness told Walker to bring him a pint of M. & M. whisky. Walker went into the place of business, and within a few minutes the pint of M. & M. whisky was brought to the witness by a crippled negro. Money was delivered to the negro, change had to be made, and the negro went into the place of business where Jack Walker was, and returned with the change. $1.25 was paid for the whisky. It appears from the testimony of R. B. Carter, that on June 29, 1939, he and others raided the Jack Walker place; that they found two cases of stamped liquor under some peach trees and one gallon of "moonshine" liquor in the back of the store; that seven or eight pints of 'shine liquor were found on a shelf in the dog house, and nine gallons of 'shine liquor were found in a ditch back of the house; that on November 4, 1939, he and others again went to Walker's place and found two traps back of the house, a slick path leading to the traps, and thirty pints of whisky were found in each trap; on farther, near the swamps, there were twelve or fifteen pints of 'shine liquor. Under the counter in the store was one pint of tax-paid liquor. The evidence disclosed that the liquor was found on Jack Walker's place, and the paths did not extend beyond the place where the liquor was located. In his statement the defendant denied possessing or selling the liquor, and introduced various testimony in an attempt to prove his defense. The evidence authorized the verdict of guilty of all the offenses charged, and the judge did not err in overruling the motion for new trial.

The defendant contends that the judge charged to the jury the law of circumstantial evidence in respect to the possessing of the whisky, but did not charge it specifically with reference to the selling of intoxicating whisky; that at the end of his charge the judge did state, "The charge I have already given is to be taken with this

charge. I will amend further by applying this same charge to the charge of selling;" but that this was confusing and misleading to the jury in so far as the law of circumstantial evidence was concerned. We do not think the jury were confused, for they were recalled for the purpose of charging the law of circumstantial evidence, and then, immediately after charging the law of circumstantial evidence, the judge charged them that this law was as equally applicable to the charge of selling whisky as to the charges of possessing. Moreover, the jury were authorized to believe that a direct confession had been made. The following language of the Supreme Court in *Smith* v. *State,* 125 *Ga.* 296, 299 (54 S. E. 127), is applicable: "The confession being direct evidence, the conviction did not depend exclusively upon circumstantial evidence; and therefore, in the absence of an appropriate request, it was not erroneous for the court to omit to charge the law of circumstantial evidence." It might also be noted that we think the language of Judge Powell in *Holt* v. *State,* 7 *Ga. App.* 77 (66 S. E. 279), is appropriate: "There is a difference between the indirect commission of a crime and the indirect proof of a crime." In this case there was direct proof that the defendant made an indirect sale of intoxicating liquor. This ground is not meritorious.

*Judgment affirmed. Broyles, C. J., and Gardner, J., concur.*